# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAD HADDAD, | 1:07-CV-00632 OWW WMW HC |
| Petitioner, | |
| v. | ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND GRANTING RESPONDENT'S MOTION TO DISMISS |
| JEFF WRIGLEY, Warden, | |
| Respondent. | [5, 6] |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On June 6, 2007, the Magistrate Judge filed findings and recommendations herein. The court recommended that the petition for writ of habeas corpus be granted, and Respondent be ordered to consider the appropriateness of transferring Petitioner to an RRC in light of the factors set forth in § 3621(b), not excluding any other factors deemed appropriate by the BOP, without reference to the BOP policy promulgated in December 2002 and without reference to the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21.  These findings and recommendations were served on the parties and contained notice to the parties that any objections to the findings and recommendations were to be filed within thirty days.  Neither party filed objections.

1

1          On June 6, Respondent filed a motion to dismiss for mootness.  In his motion to dismiss, Respondent informs the court that the BOP has evaluated Petitioner "without reference to the time constraints imposed by 28 CFR 570.20-21 or the 2002 and 2005 Community Corrections Policies." Respondent argues that because the BOP has given Petitioner the review he requested, this petition has become moot.  Petitioner has not filed an opposition or otherwise responded to the motion to dismiss.

         The case or controversy requirement of Article III of the United States  Constitution deprives the court of jurisdiction to hear moot cases.  <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); <u>NAACP., Western Region v. City of Richmond</u>, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  <u>Murphy v. Hunt</u>, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them" <u>North Carolina v. Rice</u>, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* <u>Aetna Life Ins. Co. v. Hayworth</u>, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).  To satisfy the Article III case or controversy requirement, a litigant "must have suffered some actual injury that can be redressed by a favorable judicial decision."  <u>Iron Arrow</u>, 464 U.S. at 70, 104 S.Ct. at 375; <u>Simon v. Eastern Ky. Welfare Rights Org.</u>, 426 U.S. 26, 38, 96 S.Ct. 1617, 1924 (1976); <u>NAACP, Western Region</u>, 743 F.2d at 1353.  In this case, the court agrees with Respondent that because the BOP has given Petitioner the assessment he seeks, this petition has become moot.

         In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has conducted a <u>de novo</u> review of this case.   See <u>Britt v. Simi Valley Unified School Dist</u>., 708 F.2d 452, 454 (9th Cir. 1983)

         Based on the foregoing, it is HEREBY ORDERED  that:

1. The court declines to adopt the  findings and recommendations issued by the Magistrate Judge on June 6,  2007;

2. Respondent's motion to dismiss filed June 6, 2007, is GRANTED;

2. The Petition for Writ of Habeas Corpus is DISMISSED as moot;

2

3. The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   July 25, 2007**              /s/ Oliver W. Wanger
                                   UNITED STATES DISTRICT JUDGE